In Re: Appeal of Richard Donofrio and James Lee. Richard Donofrio and James Lee, Appellants.

580 .

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Michael Halliday,* with him *Halliday and Orr,* for appellants.

*Anna Belle Jones,* with her *Stranahan and Stranahan,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 15, 1977:

This is an appeal by Richard Donofrio and James Lee (Appellants) from an order of the court of common pleas affirming the denial by the Pymatuning Township Board of Adjustment (Board) of their request for a zoning variance. We affirm.

Appellants are the owners of approximately 30 acres of land located at Pennsylvania Route 18 and Tenth Street, Pymatuning Township, Mercer County, upon part of which they operate the Reynolds Mobile Home Park. Since the enactment of the Township zoning ordinance in 1966, part of the tract has been zoned R-1, Agricultural-Rural, and part has been zoned I, Industrial, the boundary between the two zones lying parallel to Tenth Street, 245 feet north of its center line. Mobilehome parks are permitted in the R-1 district, but not in the I district. The present park contains 74 mobile homes, including two rows north of and parallel to Tenth Street, all within the R-1 zone.

John C. Miller, the previous owner, had been granted a building permit by the Township's zoning officer on August 24, 1970, for "addition of 50 spaces of existing park . . . off 10th Street, Greenville, Pa." in "Zoning District R-1." When Appellants purchased the property from Miller on February 15, 1974, they agreed, by contract, to construct 16 additional units, apparently as an inducement to Miller to accept a second mortgage in part-payment.

In April, 1974, Mrs. Cleo Palm, James Lee's daughter, inquired of the Township zoning officer concerning a contemplated expansion of the park. She was informed that a variance would be necessary since the planned expansion would intrude into the Industrial zoning district. Upon a second visit in May, she was given an application for a variance. In July, the zoning officer (not the same person who had previously issued the building permit) observed the utility con-

nections being installed for a row of 22 mobile homes parallel to Tenth Street and north of the already existing double row, and extending to a point approximately 315 feet north of the center line of Tenth Street; he issued a stop work order. In July, 1975, Appellants filed the application for a variance for the strip of land upon which they had attempted the aforementioned construction.

The crux of Appellants' argument at two hearings held before the Board and on appeal to this Court is that the permit issued to their predecessor in title allowing the construction of 50 additional mobile home spaces gave them a vested right to so use the property and obviated the need for a zoning variance. We find no merit in the contention.

The Board found, and the record and exhibits demonstrate, that there is no room on Appellants' land in the R-1 zone north of Tenth Street for 50 mobile home pads. A zoning officer has no power to issue a building permit for construction or uses not in conformity with the zoning ordinance. Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10614. The permit issued in this case indicates on its face that the zoning officer never intended construction to take place in any area but the R-1 zone. Therefore, the zoning officer who issued the 1970 permit was apparently under a misconception as to the number of mobile home pads which could be constructed on Appellants' land in the R-1 zone north of Tenth Street. It is clear that a permit issued illegally or in violation of law, or under a mistake of fact, confers no vested right or privilege upon the person to whom it is issued, even though the person may have made expenditures in reliance upon said permit. *Klavon v. Zoning Hearing Board of Marlbor-*

*ough Township,* 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975).

The Board is therefore in no way bound by the erroneous representation made in the permit.

Appellants further contend that the Board abused its discretion in denying the variance. The standard to be applied in determining whether a zoning variance was properly denied was set forth in *Surrick v. Upper Providence Township Zoning Hearing Board,* 11 Pa. Commonwealth Ct. 607, 314 A.2d 565 (1974). We stated:

> When seeking a variance, an applicant must prove '(a) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (b) that the variance would not have an adverse effect upon the public health, safety or welfare.' Sposato v. Radnor Township Board of Adjustment, 440 Pa. 107, 109-110, 270 A.2d 616, 617 (1970). 'A variance should be granted only in exceptional circumstances and the burden of proving its need is a heavy one.' The Boulevard Land Corporation v. Zoning Board of Adjustment, 8 Pa. Commonwealth Ct. 584, 586, 303 A.2d 234, 235 (1973). An unnecessary hardship can be established: '(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense . . . or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance . . . .' Philadelphia v. Earl Scheib Realty Corp.,

8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973). 'Mere economic hardship will not support the grant of a variance . . . except where the zoning regulations complained of render the complainant's property practically valueless.' Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board, 5 Pa. Commonwealth Ct. 594, 599, 290 A.2d 719, 722 (1972).

*Surrick v. Upper Providence Township Zoning Hearing Board, supra,* 11 Pa. Commonwealth Ct. at 613, 314 A.2d at 568.

Application of this language to the facts revealed by the record before us in this case convinces us that the Board did not abuse its discretion in denying the variance. While Appellants introduced evidence tending to show that the variance would not have an adverse effect upon the public health, safety or welfare, and thus may have established the second element, they failed to make any convincing showing of unnecessary and unique hardship. The record is devoid of evidence that the six acres owned by Appellants within the industrial zone is too small for industrial use or that it is unsuited topographically to such a use. The testimony attempting to establish that the area was inaccessible consisted of vague generalizations and was unconvincing, at best.

Finally, Appellants allege, in essence, that the zoning maps available to them did not clearly locate the boundary between the R-1 and the Industrial zones and that, therefore, they had always believed that the proposed use was in conformity with the zoning. The argument is unconvincing. The Pymatuning Township Zoning Map, which was attached to the ordinance and to which the ordinance made reference, shows the various zones through different colors and shading. The distance between Tenth Street and the edge of the In-

dustrial zone is indicated by the inscription "245' " and an arrow. While the distance could have been more clearly labeled, we believe the map was sufficiently clear to put Appellants on notice as to the location of the boundary vis a vis the proposed construction.

Accordingly, we

## ORDER

AND Now, this 15th day of September, 1977, the order of the Court of Common Pleas of Mercer County, affirming the Pymatuning Township Board of Adjustment's denial of a variance, is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.