Helen A. Kalina, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Barbara J. Hart,* with her *Ellen L. Hyman, Louis M. Shucker, Herbert Karasin,* and *Alan N. Linder,* for appellant.

*Bernadette Duncan,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., January 13, 1978:

Petitioner appeals the affirmance by the Unemployment Compensation Board of Review (Board) of a referee's denial of benefits on the ground of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Petitioner was employed for about two years as a waitress in a Y.M.C.A. in which food was served in both a coffee shop and a lounge area, located in a separate room. On January 13, 1976, petitioner brought her own home-made bread into the coffee

shop to serve free to customers and was told by her immediate supervisor there not to do so. On January 15, 1976, she again brought in her own homemade bread, this time for a few patron-friends attending a private luncheon in the lounge area who had asked her when she would bring some in. She was discharged the next day for her conduct.

Petitioner's claim for benefits was denied by the Bureau of Employment Security (Bureau). At a hearing at which the employer did not appear, and at which petitioner was unrepresented by counsel, the referee read into the record a statement by the supervisor (superior to petitioner's immediate supervisor in the coffee shop) who had discharged petitioner. The statement, recorded on a Bureau "Summary of Interview" form, stated that petitioner had been warned that her conduct was a violation of state food laws. Petitioner was asked if she had any objection to the entry of that statement into the record and made none. Petitioner admitted her conduct and the fact that she had been warned not to bring bread into the coffee shop, but explained that the lounge area "has nothing to do with the coffee shop." The referee found that petitioner had deliberately violated both the employer's rules and state law and denied benefits. The Board's affirmance and this appeal followed.

Petitioner contends that the Board lacked substantial evidence to support a finding of willful misconduct because she was allegedly unaware that the employer's prohibition on bringing food from home applied to food to be served in the lounge area as well as in the coffee shop. Claimant admitted, however, that she knew that food to be served in the lounge, as well as the coffee shop, was prepared in the coffee shop. Further, she testified that her immediate supervisor (who claimant testified was in charge of food

preparation for both rooms) told her, " 'Helen, I don't want you to bring any more bread in.' '' This statement, admissible though hearsay (see *Costa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977)), made no apparent distinction that the rule was to apply only to food to be served in the coffee shop. We cannot, therefore, find error in the Board's conclusion.[1]

Petitioner contends further that the Board erred as a matter of law in concluding that her actions constituted willful misconduct. Although there is no corroboration for the hearsay statement that petitioner was told that her actions violated state law, the evidence is clear that she had been warned, only a few days previously, against bringing food into the coffee shop where, as stated above, she knew food to be served in both the coffee shop and lounge area was prepared. While petitioner may have acted merely to please her friends attending the luncheon who had asked her for her home-made bread, we cannot hold that such reason is within the scope of the decision of our Supreme Court in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976) and the decision of this Court in *Unemployment Compensation Board of Review v. Iacano,* 30 Pa. Commonwealth Ct. 51, 372 A.2d 1267 (1977), on which she relies.

Petitioner also asserts that she was denied a fair hearing before the referee because he failed to assist her adequately, especially concerning her right to ob-

---

[1] We note additionally that petitioner's initial statement as to her dismissal, recorded on the Bureau's "Summary of Interview" form, shows that she felt her action was not misconduct because "even [the] Supervisor ate and enjoyed my treat." The statement contains no mention of any alleged confusion in petitioner's mind as to in which areas the employer's rule applied.

ject to the hearsay statement of the supervisor who discharged her. The record shows, however, that the referee read aloud the entire statement of the supervisor and asked petitioner specifically if she had any objections to it and, if not, that it would be entered on the record. In addition, at the close of the hearing, the referee made certain petitioner had no other testimony to offer.

Accordingly, we will enter the following

ORDER

Now, January 13, 1978, the order of the Unemployment Compensation Board of Review No. B-135-854, dated October 18, 1976, is hereby affirmed.