Allstate Bond and Mortgage Company and Philadelphia Outdoor *v.* Zoning Board of Adjustment of the City of Philadelphia. Philadelphia Outdoor, Appellant.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Benjamin Paul,* for appellant.

*Joseph P. Ryan,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, May 9, 1979:

The appellants in this zoning case, Allstate Bond and Mortgage Co. and Philadelphia Outdoor, a business enterprise of uncertain nature, are, respectively, the owner and lessee of a parcel of ground on the north side of the Schuylkill River in the Manayunk

section of Philadelphia. The Schuylkill Expressway runs along the south bank of the river. Philadelphia Outdoor, which is in the outdoor advertising business, rented Allstate's land for the purpose of erecting a V-shaped, double-faced, free standing advertising sign, each face twenty feet by seventy feet, with the bottom to be elevated one hundred feet from ground level. The appellants applied for and received a building permit from the city's Department of Licenses and Inspection. Philadelphia Outdoor had spent $7200 for partial construction of the sign when the Manayunk Neighborhood Council filed an appeal from the issuance of the permit with the Philadelphia Zoning Board of Adjustment.

The pertinent provision of the Philadelphia Zoning Ordinance is Subsection 14-1604(2)(a), which reads as follows:

(2) Outdoor Advertising Controls.

(a) Within 660 feet of the outward edge of the right-of-way lines of . . . the Schuylkill Expressway . . ., outdoor advertising signs and non-accessory advertising signs shall be permitted as follows:

(.1) Spacing Requirements. Outdoor advertising signs and non-accessory signs shall not be permitted within 500 feet of any other outdoor advertising sign, including existing nonconforming signs on the same side of the right-of-way line and facing in the same direction of any of these limited access highways, bridges, or bridge approachways; provided, that this spacing requirement shall not apply to on-premise or accessory signs, public service signs, highway directional signs, or any outdoor advertising sign which is within the 660 foot boundary, whose advertising message is not principally visible nor intended to be visible

to these limited access highways, bridges, or bridge approachways.

After hearing, the Zoning Board found that there was, and had been when the permit was issued, a sign advertising a restaurant located within 500 feet of the proposed location of the appellants' sign; that the restaurant sign was not located on the premises occupied by the restaurant; and that the restaurant sign was not, therefore, an accessory sign. The Zoning Board consequently concluded that a building permit for the proposed sign had been improperly issued and revoked it. On appeal, the Court of Common Pleas by JUDGE ETHAN ALLEN DOTY, who did not take evidence, affirmed.

The appellants present four questions.

First, they say that the record does not support the implicit finding of the Zoning Board that the restaurant sign was principally visible or intended to be visible to the Schuylkill Expressway, as required for disqualification of the new sign by the Ordinance provision quoted. However, Richard Dougherty, a neighborhood witness, testified on cross-examination by the appellant's counsel, that one face of the restaurant sign was visible from the Expressway, particularly at night when it was illuminated.

Second, the appellants complain of the Zoning Board's finding that the restaurant sign was not located on the restaurant property because the witnesses to this fact testified to hearsay and were not trained surveyors and engineers. No authority for the latter objection is given us and we know of none. As to the former, Philip Soltoff, a principal of All-state Bond and Mortgage Co., called by that company in support of the permit, testified that the restaurant sign was not on the restaurant property. Since All-state owned the nearby plot where the new sign was to go, his testimony with regard to the location of

the restaurant sign with reference to the restaurant property was competent. The appellants further say in this regard that Subsection 14-1604(2)(a)(.1) should, when it speaks of accessory sign, be construed as including both signs on the premises advertised and near the premises advertised. The appellees, however, have directed our attention to Subsection 14-102 (49) of the Zoning Ordinance which defines an accessory sign as one which is located on the premises to which it directs attention.

Third, the appellants say that there is no evidence that the location of the proposed sign is within 660 feet of the Schuylkill Expressway. They depend in this regard on testimony of a neighborhood witness on cross-examination that the Expressway was 5000 feet from the site. It is plain, of course, that the witness did not intend to say that the river was almost a mile wide and that he therefore misspoke himself. In any case, there is in the record a plan submitted to the Bureau of Licenses and Inspection with the application for the building permit showing the Expressway as being 500 feet from the location of the proposed sign. This plan bears the signature of Leslie Kaplan, Philadelphia Outdoor's owner and principal witness.

The appellants' final contention is that they had a vested right in the permit by reason of their substantial expenditure of money in reliance on it. The law, unfortunately for the appellants, is that no vested right can attach to a permit issued in violation of zoning regulations. *In re: Appeal of Donofrio,* 31 Pa. Commonwealth Ct. 579, 377 A.2d 1017 (1977).

Order affirmed.

## Order

And Now, this 9th day of May, 1979, the order of the court below made May 1, 1978 is affirmed.