## In Re: Appeal of Edward Caplan from the Northampton Township Zoning Hearing Board

Donald Semisch, for Northampton Twp.
Donald B. McCoy, for Appellant.
Ronald J. Smolow, in propria persona.

MIMS, *J.* October 1, 1981—This is an appeal by Edward Caplan, an amateur radio operator, from a decision of the Northampton Township Zoning Hearing Board ordering him to reduce the height of his backyard amateur radio tower from seventy to 35 feet and to remove supporting guy wires which infringe on required side and rear yards. Also involved is a cross appeal by Ronald and Nan Smolow, intervenors, who agree with the decision of the board but who object to its imposition on them of the costs of the proceeding.

Mr. Caplan lives in a residential development located in the R-2 district of Northampton Township in which only single family detached dwellings on 20,000 square foot lots and certain limited conditional and accessory uses are permitted. In September, 1979, he applied for a permit to erect a 70 foot amateur radio tower on his property behind his home. The application showed the tower as freestanding and estimated the cost at $350. On October 8, 1979, the township zoning officer issued a

building permit for the tower. Caplan began construction that same month and by the end of November the tower was 20 feet high and freestanding.

The building permit issued by the township was displayed until mid-November, 1979, on a side door of Caplan's home where it was not clearly visible from the street. However, the 20 foot tower was visible as were additional sections lying on the ground to be added later.

No work was done on the tower from November, 1979, until June, 1980, when the tower was erected to a height of 90 feet and supporting guy wires were added. In response to an objection by the zoning officer, Caplan reduced the height to 70 feet, at which height it now stands.

On January 24, 1980, Ronald and Nan Smolow moved into a nearby house. Shortly after work resumed on the tower in June, 1980, the Smolows requested the zoning officer to revoke Caplan's building permit. When their request was refused, they immediately appealed to the zoning hearing board.

The radio tower, as constructed, is structurally sound and safe. It is seventy feet high with 48 inch footings and is supported by three guy wires which extend into the rear and side yards required by the zoning ordinance. One guy wire is anchored one hundred feet from the base of the tower and the others are eighty feet from the base. The tower and guy wires are set in concrete. At the time of the hearing before the zoning hearing board, Caplan intended to erect at the top of the tower an eight foot vertical antenna with a horizontal "boom" ranging in size from 20 to 46 feet, from which will be suspended several elements 33 feet in length. The finished cost of the tower is $700 but the actual value is well in excess of that amount.

Caplan has been a ham radio operator for twenty-three years and is licensed by the Federal Communications Commission. He intends to use the tower only for his own private purposes and for the public good as required in times of emergency.

Preliminarily, the Smolows allege that this court does not have jurisdiction to hear the appeal because it was not timely filed. The zoning hearing board entered its order on October 20, 1980, but Caplan's appeal was not formally docketed until November 26, 1980, more than 30 days later. Nevertheless, on the backer of Caplan's petition for writ of certiorari, is a handwritten notation, signed by the deputy prothonotary, that the document was received in the prothonotary's office on November 18, 1980, and was held pending receipt of the filing fee.

The law requires that such an appeal be filed within thirty days after the entry of the order being appealed. Act of July 9, 1976, P.L. 586, No. 142, §2, as amended, 42 Pa. C.S.A §5571. Under the circumstances, we hold that the appeal was timely filed. Although it was not docketed until after the 30 day appeal period had run, it was clearly received by the prothonotary's office within the 30 days.

The first major issue to be determined is whether the Smolows' appeal to the zoning hearing board was timely filed. Caplan alleges that the Smolows' appeal was untimely because it was filed well beyond 30 days after the building permit had been issued on October 8, 1979. The Smolows contend alternatively that their appeal was filed within thirty days from the zoning officer's refusal to revoke Caplan's building permit in June, 1980; that it was immediately filed after they had notice of the issuance of the permit; or that the erection of guy wires in June, 1980, constituted an amendment of the permit from which they filed a timely appeal. The

zoning hearing board concluded that the appeal was timely, finding that the Smolows had no notice of the permit until June, 1980, when the tower was completed and that, in any case, the erection of guy wires created a de facto new application from which the Smolows filed a timely appeal.

The scope of review in a zoning appeal where the court has not heard additional evidence is limited to whether the zoning board has committed a manifest abuse of discretion or error of law. Upper Leacock Township Supervisors v. Zoning Hearing Board, 481 Pa. 479, 393 A.2d 5 (1978); Pyzdrowski v. Pittsburgh Board of Adjustment, 437 Pa. 481, 263 A.2d 426 (1970); Salisbury v. Rummel, 44 Pa. Commw. 581, 406 A.2d 808 (1979); Kauffman v. Doylestown Township Zoning Hearing Board, 34 Bucks Co. L. Rep. 345 (1980). Also where additional evidence has not been taken, the board's findings of fact must not be disturbed by the court if supported by substantial evidence. Section 1010, Pa. Municipalities Planning Code (MPC) Act of July 3, 1968, P.L. 805, as amended, 53 P.S. §11010.

Section 915 of the MPC, 53 P.S. §10915, provides in part:

"§10915. Time limitations; persons aggrieved

No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given. If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest."

The filing of a timely appeal pursuant to §915 is jurisdictional. Lycoming Burial Vault Company v. Zoning Hearing Board of Montoursville, 41 Pa. Commw. 294, 399 A.2d 144 (1979); Herdelin v. Greenberg, 16 Pa. Commw. 405, 328 A.2d 552 (1974). It may not be waived. Lanning Appeal, 6 D.&C.3d 345 (1978). Furthermore, the statute clearly places the burden of proving lack of notice or knowledge on those seeking a review of the approved permit. Gilbert v. Zoning Hearing Board of Hanover Township, 34 Pa. Commw. 299, 383 A.2d 556 (1978).

In the case at bar, the Smolows established in the hearings before the zoning hearing board that Caplan's permit was not clearly displayed on the side door of his house; that it was removed in November, 1979; that the tower was only 20 feet tall until June, 1980, although additional sections were lying on the property; that the Smolows did not move into their house until January, 1980; and that they appealed within 30 days of the time they noticed that the tower was 70 feet tall. The zoning hearing board found in Finding of Fact 26, that the Smolows had no notice of the issuance of the permit for a 70 foot tower until June, 1980, and consequently their appeal was timely filed pursuant to §915 of the MPC.

Although we find that the Smolows did not make as thorough a record as they should have, the zoning hearing board did not commit a manifest abuse of discretion in upholding the timeliness of the Smolows' appeal. The Smolows did not present any evidence of lack of knowledge of the issuance of the permit on the part of their predecessor in interest. However, as evidenced by a copy of their deed in Exhibit B-1, they purchased the house from a developer not from an individual private owner who

would have been living in the neighborhood when the permit was issued. Moreover, they did prove that they could not have seen the permit posted on Caplan's door since it was not clearly visible from the street and was removed before they bought their home. Also, when they moved into the neighborhood, the tower was only 20 feet high and they took action immediately after the tower was erected to 70 feet and guy wires were attached. Thus, the finding that the Smolows did not have knowledge of the issuance of Caplan's building permit until June, 1980, is substantiated by the evidence. Accordingly, we hold that the Smolows' appeal to the zoning hearing board was timely filed. It is, therefore unnecessary to determine whether the erection of guy wires in June, 1980, created a de facto new application for a permit which would have started the appeal period running again.

Caplan next alleges that Northampton Township's zoning ordinance does not regulate amateur radio towers or their height. The zoning hearing board, however, found that the radio tower was a "structure" and was subject to the height limitations of the ordinance. Since the tower is similar to those normally built above roof level, the board concluded that it was exempted from the two story limit for R-2 districts, but was subject to the thirty-five foot height limit of §202 of the ordinance.

There is no doubt, according to case law, that an amateur radio tower is a permitted accessory use in a residential district. Appeal of Lord, 368 Pa. 121, 81 A.2d 533 (1951). An amateur radio tower is also within the ordinance's definition of an accessory use in the R-2 district. §403.1(c) of the Northampton Township Zoning Ordinance of 1977, adopted April 6, 1977, as amended August 24, 1977, by Ordinance No. 162, provides:

"c) Accessory Uses

Any use which is entirely incidental and subordinate to the above permitted uses and is located on the same lot or parcel."

In addition to being an accessory use, a radio tower is also within the definition of a structure included in §202 of the ordinance, which states:

"STRUCTURE — Anything built, constructed or erected with a fixed location on the ground or attached to something having a fixed location on the ground."

The difficulty lies with construing the height limitations for R-2 districts, in which the subject property is located. Section 403.2 restricts "Maximum *Building* Height" (Emphasis added) for dwellings and "All Other Uses" to two stories. The board concluded that the word "Building" in §403.2 was intended to include structures. We agree.

In §404.2(f), the ordinance equates "building" with "structure" when referring to "garden apartment structures" in the context of height limitations. Furthermore, when construing statutes or ordinances which are ambiguous we must consider the legislative intent, including the occasion and necessity for the law, the object to be obtained and the consequences of a particular interpretation.* Statutory Construction Act of 1972, Act of December 6, 1972, P.L. 1339, No. 290, §3, 1 Pa. C.S.A. §1921(c). We must also presume that no absurd or unreasonable result was intended. Statutory Construction Act of 1972, supra, §1922.

---

* These rules of construction apply to the interpretation of an ordinance as well as of a statute. Fedor v. Borough of Dormont, 487 Pa. 249, 409 A.2d 334 (1979); Donahue v. Zoning Board of Adjustment, 412 Pa. 332, 194 A.2d 610 (1963).

Here, it would be unreasonable to find no intent to regulate the height of structures in a residential district, especially in light of zoning's purpose to promote orderly development. Otherwise, any structure, as long as it is an accessory use, could be erected to unlimited heights. Since the ordinance, itself, in §404.2(f) equates "structure" with "building" and since our conclusion is consonant with statutory rules of construction, we hold that the ordinance was intended to regulate the height of structures when referring to "Maximum Building Height" in §403.2.

In reaching this conclusion, we are mindful that zoning ordinances are in derogation of the common law and must, therefore, be strictly construed. Appeal of Lord, supra. Nevertheless, even a strict reading leads us to conlude that the only reasonable construction of the ordinance is that it regulates the height of structures as well as of buildings in the R-2 district.

Having decided that the height of structures is regulated in R-2 districts, it is left to determine how high an amateur radio tower may be. Section 202 of the ordinance exempts certain structures from height limitations but provides that none "shall exceed thirty-five (35) feet in height." Those exempted from the two story limitation are those "normally built above the roof level." An amateur radio tower falls within the category of structures normally built above roof level and, therefore, is subject to the 35 foot height regulation. Consequently, the zoning hearing board was justified in finding that the height of an amateur radio tower is limited to 35 feet by §202.

The last issue raised by Caplan is whether he has acquired a vested right to the building permit by his expenditure of unrecoverable funds and the expira-

tion of the appeal record. The zoning hearing board decided that he had not spent a substantial amount and that his original application was defective in that it did not indicate that guy wires were to be attached. Accordingly, Caplan did not have a vested right to the building permit issued on October 8, 1979.

A zoning officer has no power to issue a building permit for construction which is not in conformity with the zoning ordinance. Appeal of Donofrio, 31 Pa. Commw. 579, 377 A.2d 1017 (1977).

A permit which is issued illegally or in violation of law, or under mistake of fact, confers no vested right upon the person to whom it was issued despite his expenditures in reliance thereon. Id. However, the courts recognize an exception to this rule under certain circumstances.

In order to invoke the exception, five factors must be met. These factors were first listed by the Commonwealth Court in Commonwealth of Pennsylvania, Department of Environmental Resources v. Flynn, 21 Pa. Commw. 264, 344 A.2d 720 (1975), and have more recently been reaffirmed by the Pennsylvania Supreme Court in Petrosky v. Zoning Board of Upper Chichester Township, 485 Pa. 501, 402 A.2d 1385 (1979). The Petrosky Court, 485 Pa. at 507, 402 A.2d at 1388, said:

"These factors are:

1. his due diligence in attempting to comply with the law;

2. his good faith throughout the proceedings;

3. the expenditure of substantial unrecoverable funds;

4. the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

5. the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit."

In the case at bar, Caplan's original application was defective because it failed to indicate that guy wires, which would violate side and rear yard requirements, would be attached to the tower. Additionally, the permit was issued for a seventy foot tower, which we have already held to be impermissible under the zoning ordinance. Therefore, the permit was issued illegally and mistakenly. Unless it qualifies as an exception, it could not confer a vested right on Caplan.

The board found that Caplan did not meet the third requirement of Flynn and Petrosky, expenditure of substantial unrecoverable funds. On his initial application Caplan approximated the cost of his tower at $350. He later testified that the cost was closer to $700. However, the board found that the actual value is well in excess of the latter amount. Nevertheless, neither the cost nor the value would be totally lost were the tower to be restricted to thirty five feet without guy wires and sums expended were not substantial. Consequently, the board did not commit a manifest abuse of discretion by finding that Caplan had no vested right to the building permit. We affirm that decision.

The next point which Caplan challenges is the zoning hearing board's decision that the guy wires supporting the tower violate the side and rear yard requirements of §403.2 of the ordinance. Factually, there is no dispute. The wires are anchored within the side and rear yards. However, Caplan alleges that they are not a structure or part of a structure and, thus, may be located within the required yards.

Section 202 of Northampton's Zoning Ordinance of 1977 defines a yard as "[a]n open space . . . unoccupied and unobstructed by any portion of a structure from the ground upward." We have previously found the radio tower to be a structure. The attached guy wires are clearly part of that structure and they obviously occupy and obstruct the yard from the ground upward. Therefore, we hold that the board was justified in finding that Caplan had violated the side and rear yard requirements of the ordinance and, in the absence of a variance, must remove the guy wires.

Having determined that the zoning hearing board's decision and order of October 20, 1980, were supported by substantial evidence and did not constitute an abuse of discretion, we next turn to the Smolows' cross appeal. After the Smolows had successfully prosecuted their appeal before the board, it issued to them an invoice in the amount of $1,760.65 for advertising costs, attorney's fees, cost of transcripts and board members fees. The board subsequently withdrew its demand for attorney's fees and the Smolows do not object to the advertising costs and appearance fees. The only charge still in dispute is that for transcripts totaling $776.40.

Subsection 2 of §1008 of the MPC, 53 P.S. §11008 (2), requires "the governing body, board or agency whose decision . . . has been appealed . . . to certify to the court its entire record . . ., including any transcript of testimony in existence." Since this provision was added in 1972, the courts have interpreted it to require that the municipality must supply and pay for the transcript which is certified to the court. In re: Appeal by Mark-Garner Associates, Inc., 50 Pa. Commw. 354, 413 A.2d 1142 (1980); In re: Appeal of Martin, 33 Pa. Commw. 299, 381 A.2d 1321 (1978); Eastman Venture II v. Bensalem

Township Zoning Hearing Board, 16 D.&C.3d 158 (1980). Based on the foregoing, we hold that the board may not assess against the Smolows the costs of transcripts of the testimony before it on this matter.

Accordingly, we enter the following

## ORDER

And now, this October 1, 1981, for the reasons stated in the foregoing opinion, the Appeal of Edward Caplan from the Northampton Township Zoning Hearing Board is hereby denied and the cross appeal by Intervenors Ronald J. and Nan S. Smolow is hereby granted.