Katherine Bogush, a/k/a Catherine Bogush, Appellant *v.* Zoning Hearing Board of The Borough of Coplay, Appellee.

Argued November 16, 1981, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*James G. Kellar,* for appellant.

*James C. Lanshe, Jr., Lanshe, Lanshe and Lanshe,* for appellee.

OPINION BY JUDGE ROGERS, December 17, 1981:

Katherine Bogush has appealed from an order of the Court of Common Pleas of Lehigh County affirming the action of the Zoning Hearing Board of the Borough of Coplay rejecting her request for a variance or other relief that would permit her to construct on her dwelling lot a second single family detached dwelling in contravention of the local zoning and subdivision requirements. We affirm.

The facts are not in dispute. The appellant has owned for some forty years a parcel of residentially zoned land, less than one-third of an acre in area, on Seventh Street in Coplay, Pennsylvania. The appellant's residence, a single family detached dwelling, is located on this lot. In 1971 the appellant's son applied for and was granted a building permit for a second structure, denominated, as it developed disingenuously, only as a "home" to be built on the appellant's land notwithstanding the fact that no subdivision of the lot had been requested or approved.

Thereafter the appellant's son commenced construction of a so-called "twin home" consisting of two semi-detached dwellings. It is conceded that twin homes are not a permitted use in the zoning district in which the appellant's land is located. When it became aware of the nature and object of the construction activities, the Borough revoked the building permit and sought and was granted, on July 13, 1971, permanent injunctive relief to prevent further construction. At about this same time the borough, by the filing of a Declaration of Taking, condemned a portion of the appellant's land, including approximately one-half of the partially completed twin home, for the purpose of constructing an alley to improve access to an adjacent athletic field. A Board of Viewers was appointed and, in August, 1976, following the dismantling by the appellant's son of the offending portion of the structure,

the appellant was awarded $8,000.00 as compensation for the taking.

In 1980 the appellant applied to the borough zoning officer for a building permit necessary to commence further construction of the twin home which, in the aftermath of its partial destruction, was proposed to be completed as a single family detached dwelling. The application was denied on three grounds; the failure of the appellant to obtain prior subdivision approval, the insufficiency of the total area of the appellant's land to permit subdivision into two conforming lots if subdivision were requested, and the proposed improvement's violation of the side yard setback requirements.

The appellant appealed from this decision and requested of the zoning hearing board a variance to permit the desired construction. A public hearing was conducted by the board at which the appellant and her son testified and the appellant's counsel and the borough solicitor engaged in an extensive colloquy as to whether the local zoning and subdivision ordinances, which have not been included in the record certified to us, permit in the absence of subdivision approval the construction on a single lot of two otherwise conforming detached dwellings. Following the hearing the board, in a written decision, denied the request for a variance on the ground that no unnecessary hardship had been shown by the appellant. The court of common pleas affirmed the order of the board without taking additional testimony and this appeal followed.

Two issues are presented for our consideration. The appellant first argues that she acquired at the time of the issuance, in 1971, of the original building permit, a vested right to build the structure now proposed. Alternatively it is contended that the board erred in denying the request for a variance.

The first argument need not long detain us. Of course, the appellant cannot now assert rights granted

by a permit which was revoked more than ten years ago and from which action of revocation no appeal was taken.

Moreover, it is unlikely that the appellant, having applied to build a "home" but intending to build a twin, acquired any right to build anything by virtue of the 1971 permit, which was issued either in simple contravention of the zoning regulation that only a single family detached home was permitted or under a misapprehension on the part of the issuer that the "home" proposed to be constructed was a conforming single detached dwelling. "The law, unfortuantely for the appellant, is that no vested right can attach to a permit issued in violation of zoning regulations. In Re: Appeal of Donofrio, 31 Pa. Commonwealth Ct. 579, 377 A.2d 1017 (1977)." *Allstate Bond and Mortgage Company v. Zoning Board of Adjustment,* 42 Pa. Commonwealth Ct. 519, 523, 401 A.2d 399, 401 (1979). "It is clear that a permit issued illegally or in violation of law, or under a mistake of fact, confers no vested right or privilege upon the person to whom it is issued, even though the person may have made expenditures in reliance upon said permit. Klavon v. Zoning Hearing Board of Marlborough Township, 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975)." *In Re: Appeal of Donofrio,* 31 Pa. Commonwealth Ct. 579, 582-583, 377 A.2d 1017, 1018 (1977).[1] On this issue the zoning hear-

[1] In *Petrosky v. Zoning Hearing Board of the Township of Upper Chichester,* 485 Pa. 501, 402 A.2d 1385 (1979) our Supreme Court approved the formulation of this Court in *Commonwealth of Pennsylvania, Department of Environmental Resources v. Flynn,* 21 Pa. Commonwealth Ct. 264, 344 A.2d 720 (1975) and held that a building permit issued erroneously and in contravention of the zoning regulations by the municipality may nevertheless, under very limited circumstances, support a vested rights claim.

The five criteria for determining whether such a permit can support such a claim include "1. [The applicant's] due diligence in

ing board found that the appellant had misrepresented the nature of the construction proposed in 1971. We cannot say that this factual conclusion is unwarranted under the circumstances and it is well established that in the absence of the applicant's unsullied good faith no rights are created by the issuance of a building permit. *Petrosky v. Zoning Hearing Board of Upper Chichester Township,* 485 Pa. 501, 402 A.2d 1385 (1979); *Cooper v. City of Greensburg,* 26 Pa. Commonwealth Ct. 245, 363 A.2d 813 (1976); *Klavon v. Marlborough Hearing Board, supra.*

The appellant's argument that the board was required to grant her request for a variance is equally unavailing. "[A] variance is justified only by the unnecessary hardship that results when physical characteristics peculiar to the property or incompatible neighboring uses make permitted development physically impossible or economically infeasible." (Citations omitted.) *Appeal of American Medical Centers, Inc.,* 54 Pa. Commonwealth Ct. 573, 577, 422 A.2d 1193, 1194 (1980). The evidence in this case is that the appellant's land not only can be developed as zoned but has been so developed for some forty years since the erection of her residence. In addition there is no evidence of record of any physicial characteristics peculiar to the property or, indeed, that the proposed second dwelling could not be positioned so as to comply with the setback requirements. The board properly found that a variance was unwarranted.

Order affirmed.

---

attempting to comply with the law;" and "2. [The applicant's] good faith throughout the proceedings."

In this case the applicant made no attempt to comply with the law and caused to be erected a structure not permitted on the face of the zoning regulations or by the building permit. Moreover, as we indicate, the applicant's good faith is greatly in doubt and is negated by a well-supported finding of the zoning hearing board.

## ORDER

AND Now, this 17th day of December 1981, the order of the Court of Common Pleas of Lehigh County is affirmed.