Milton Gottlieb and Barbara Annette Gottlieb, his wife, *v.* Zoning Hearing Board of Lower Moreland Township and Sylvan Pools, Inc. and Harvey Goodman and Carol S. Goodman, his wife.
Milton Gottlieb and Barbara Annette Gottlieb, Appellants.

Argued April 4, 1975, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Marc D. Jonas*, with him *Morris Gerber* and *Gerber, Davenport & Wilenzik*, for appellants.

*Randolph A. Warden*, with him *Silverman and Warden*, for appellee.

*Carl T. Bogus*, with him *Alan R. Squires*, and *Steinberg, Greenstein, Richman & Price*, for intervening appellees.

OPINION BY JUDGE BLATT, December 15, 1975:

This is an appeal from a decision of the Court of Common Pleas of Montgomery County affirming the grant of a variance to Mr. and Mrs. Harvey Goodman by the Zoning Hearing Board (Board) of Lower Moreland Township (Township). We must reverse.

This controversy arises out of the construction by the Goodmans of a swimming pool on the Goodman property in 1973. In their original application to the Township for a building permit, the Goodmans described the proposed pool as encompassing an area 18 by 38 feet, and a building permit was issued pursuant to this application. Shortly thereafter, however, and without any notification to the Township the proposed area specifications for the pool were enlarged to 20 feet by 40 feet and when the pool was built, the Goodmans added a concrete pad and a sliding board alongside the pool, again with no notice to the Township.

After the pool and the adjoining pad and slide had been installed, Mr. and Mrs. Gottlieb, the adjacent prop-

erty owners, employed a surveyor to determine whether
or not the Goodmans had observed the setback require-
ments of the Township's zoning ordinance, which were
that "[n]o part of the perimeter of a swimming pool
structure shall be within eight (8) feet of any property
line." The survey disclosed that the distance from the *in-
side* of the swimming pool wall to the Gottlieb property
line at the nearest point was seven feet, three inches. The
pool wall was indicated to be seven inches thick at the top
and eleven inches at the bottom, and eleven and a half
inches of coping or paving surrounded the top of the
wall. In addition, the concrete pad actually extended over
the Gottlieb property line. Upon being informed of this
latter fact, the Goodmans had the pad cut back so that it
then extended to within about seven inches of the Gottlieb
line. They also applied for a variance to relieve them
from compliance with the Township's setback require-
ment, and, after an evidentiary hearing on that appli-
cation, the Board issued its decision on December 20,
1973 granting the variance. The Board noted that the
Goodman's mistake in locating the pool was innocent
and unintentional. It also concluded that the violation
of the ordinance was "de minimis" and that enforce-
ment of the setback ordinance would work an undue
hardship. The variance was granted because, in the
Board's opinion it would not "alter the essential charac-
ter of the neighborhood or district in which the property
is located, nor substantially or permanently impair the
appropriate use or development of the adjacent property,
nor be detrimental to the public interest or welfare."
The Gottliebs appealed from the Board decision to the
lower court, which affirmed without taking additional
evidence. Our scope of review, therefore, is to determine
whether or not the Board committed an abuse of dis-
cretion or an error of law and whether or not the findings
of fact are supported by substantial evidence. *Soble Con-
struction Company v. The Zoning Hearing Board of the*

*Borough of East Stroudsburg,* 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974).

The threshold inquiry necessarily involves a determination as to how the required setbacks should be measured under a proper interpretation of the zoning ordinance. The Board and the lower court both measured the setbacks from the inside wall of the swimming pool, and therefore determined that the existing setbacks were deficient by only five to nine inches, an amount considered to be "de minimis." The Gottliebs, on the other hand, argue that the coping and concrete pad are also part of the "swimming pool structure" so that setbacks should be measured from their respective perimeters. We must agree with them.

To declare that the edge of the inside wall of the pool is the "perimeter of the swimming pool structure" is tantamount to saying that only the inside of the swimming pool constitutes the structure, an interpretation obviously impossible. The more difficult question, however, is whether the "swimming pool structure" consists only of the pool's walls, with the setbacks consequently measured from the outside of those walls, or of the coping and concrete pad as well.

Attorneys for both sides have exhaustively researched the meaning of "structure" within the context of zoning law, and it is argued persuasively for the Goodmans that the concrete pad and coping are not "structures" as that term is used in the ordinance and as it has been defined by the courts. The question here, however, is not whether the concrete pad and coping are themselves "structures"; but rather, whether they are part of this "swimming pool structure." In our view, objects which are affixed to or which abut the swimming pool and which are integrally used in connection with it should be considered part of the "swimming pool structure," and both the concrete pad and the coping clearly fall within this category.

It is true that the Township ordinance requires setbacks only for "structures." As the Goodmans assert, therefore, one might be able to pave or place a concrete pad over his entire rear yard up to the property lines with no setbacks, for such paving or pad probably would not constitute a "structure." It is clear, however, that, when that same paving or pad abuts upon and is used integrally in connection with a swimming pool, the setbacks for a swimming pool structure must be observed under the ordinance. The policy supporting such an exercise of legislative judgment may well be to preserve some quiet for neighboring landowners,[1] because unusual and often noisy activity would normally take place in a paved area abutting a pool, especially when a slide is also located there. The ordinance might well have been intended, therefore, to preserve a buffer zone between such activity and the neighboring property.

We can place no significance upon the assertion by the Goodmans that the swimming pool structure setbacks under the Township ordinance have always in the past been measured from the inside wall of the pool. Clearly the language of the ordinance, as it presently stands, cannot properly permit such an interpretation, and, if it should actually be felt that measurement ·from the inside wall is wiser, the ordinance ought to be so amended. But "zoning boards and the courts must not impose their concept of what the zoning ordinance should be, but rather their function is only to enforce the zoning ordinance in accordance with the applicable law." *Kline Zoning Case*, 395 Pa. 122, 125, 148 A.2d 915, 916 (1959).

The conditions which must be established in order for a property owner to obtain a variance have been well defined in case law and have also been codified more recently in Section 912 of the Municipalities Planning

---

1. We recognize, too, that there is an important safety consideration behind the provision for setbacks between the pool and the property line.

Code.[2] The obvious difficulty which the Goodmans face here, however, in asking for a variance is the traditional requirement that the unnecessary hardship peculiar to their property must not have been created by them. The Board and the lower court, in holding for the Goodmans here, relied on three Supreme Court decisions to find that the Goodmans had overcome that requirement: *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A.2d 426 (1970); *Moyerman v. Glanzberg*, 391 Pa. 387, 138 A.2d 681 (1958); and *Crawford Zoning Case*, 358 Pa. 636, 57 A.2d 862 (1948). In each of those cases, however, variances were held to have been appropriately granted in order to relieve landowners from setback requirements applicable to residential buildings, even though the landowners themselves had contributed to some extent to the fact that they were in violation. Our review of those cases, however, indicates that the court in each instance was concerned largely with the practical difficulty that enforcing the ordinance would require moving an entire building. Moreover, the court also seemed to emphasize that, under the particular facts of those cases, the policy in favor of setbacks would not really be affected if the variances were granted. In *Crawford* and *Pyzdrowski*, the deviations from the ordinance requirements were minimal, so that there would still be sufficient open space between the structure concerned and the neighboring land to satisfy the appropriate policy considerations of the ordinance. Although in *Moyerman* the building even encroached upon the entire setback, the court pointed out that an easement along the property line required that a 25-foot wide space remain open and clear so that the policy favoring the setback requirement would thereby apparently still be satisfied. In the case at hand, however, the swimming pool structure extends

---

2. Act of July 31, 1968, P. L. 805, *as amended*, 53 P. S. §10912.

to within seven inches of the neighboring property, and the Township policy of providing a buffer zone between noisy activity on one property and its neighboring property is necessarily defeated. Moreover, the expense and difficulty involved in removing or relocating the concrete pad and, if possible, in removing some of the coping around the pool, would not appear nearly as great as that involved in moving an entire building. A variance will still be needed, of course, for the Goodmans to maintain the pool, even if the pad and coping are moved but certainly, in that event, they will be in a better position to rely upon *Pyzdrowski, Moyerman* and *Crawford* in asking for a variance, for there will then be at least some buffer space and the policy behind the setback will be at least in some measure observed.

We, therefore, reverse the decision of the court below.

