Alfred F. Ottaviano, Jr. and Society Hill Civic Association *v.* Zoning Board of Adjustment of Philadelphia. Alfred F. Ottaviano, Appellant.

Argued April 7, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Steven P. Burkett,* with him *Simons, Kashkashian, Kellis & Groen,* for appellant.

*Ronald H. Beifeld,* Assistant City Solicitor, with him *Barbara S. Gilbert,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE KRAMER, August 4, 1977:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Zoning Board of Adjustment (Board) granting a variance to Robert and Catherine Cohen for the addition of a greenhouse to their single-

family dwelling. The appellant is Alfred F. Ottaviano,[1] the Cohens' next-door neighbor.

The subject property is located in a district zoned "R-10" Residential. Under Section 14-211(2) of the Philadelphia Code, property in the "R-10" district must contain rear yards of a minimum depth of nine feet and must also have a total open area of 195 square feet, or 30 percent of the lot. The proposed addition would completely eliminate the Cohens' back yard and, in so doing, also reduce the lot's open area to zero. After a hearing, the Board granted the Cohens' application for a variance. The court below affirmed without the taking of additional evidence.

Where, as here, the lower court took no additional evidence, our scope of review in a zoning case is limited to a determination of whether the Zoning Board of Adjustment committed an abuse of discretion or an error of law. *Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970).

The law governing the granting of a variance was aptly summarized by this Court in *Levin v. Zoning Hearing Board,* 11 Pa. Commonwealth Ct. 452, 457-58, 314 A.2d 579, 582 (1974):

> The guidelines under which we consider the merits of a case involving the request for a variance are many. Variances should be granted sparingly and only under exceptional circumstances. See McClure Appeal, 415 Pa. 285, 287, 203 A.2d 534, 535 (1964); Marple Gardens, Inc. v. Zoning Board of Adjustment, 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973). In order to establish a right to a variance, an applicant must prove (1) unnecessary hardship which is unique or peculiar to the applicant's

---

[1] Although the Society Hill Civic Association is also a party appellant in this case, only Ottaviano has actively pursued the appeal.

property as distinguished from the hardship arising from the impact of the zoning ordinance or regulations on the entire district, or even to hardship on the owner of the property and (2) that the proposed variance is not contrary to the public safety, morals or general welfare. See Gro Appeal, 440 Pa. 552, 269 A. 2d 876 (1970); Marple Township Appeal, 430 Pa. 113, 243 A.2d 357 (1968); Marple Gardens v. Zoning Board of Adjustment, supra. Next, a variance will not be granted solely because the petitioner will suffer an economic hardship if he does not receive a variance. See Bilotta v. Haverford Township Zoning Board of Adjustment, 440 Pa. 105, 270 A.2d 619 (1970); O'Neill v. Zoning Board of Adjustment, 434 Pa. 331, 254 A.2d 12 (1969); Marple Gardens, Inc. v. Zoning Board of Adjustment, supra. Lastly, a variance will not be granted to the applicant where he knew of the existing zoning regulations and the problems bringing about the hardship, or should have known them, at the time he purchased the property. See Gro Appeal, supra; Sposato v. Radnor Township Zoning Board of Adjustment, 440 Pa. 107, 270 A.2d 616 (1970); Marple Gardens, Inc. v. Zoning Board of Adjustment, supra.

Section 14-1802 of the Philadelphia Code prescribes similar requirements for the granting of a variance and, in addition pertinent hereto, also requires the applicant to prove that the proposed variance will not "substantially or permanently injure the appropriate use of adjacent conforming property"[2] and "will not impair an adequate supply of light and air to adjacent property."[3]

---

[2] Section 14-1802(1)(c).

[3] Section 14-1802(1)(h).

In the case before us, the only evidence of any "hardship" is Mr. Cohen's testimony that his kitchen is extremely small and that a hazardous condition exists due to the lack of adequate room to maneuver around the fixtures and appliances in the kitchen. In some manner unclear from the record, the addition of the greenhouse would supposedly remedy the problem of kitchen space as well as serve its admitted primary purpose as a place to pursue the hobby of gardening. There is *no* evidence in the record that the kitchen space problem is unique or peculiar to the Cohens' property, as opposed to the general hardship on the entire district arising from the application of the ordinance's yard and open area requirements.[4] Moreover, foreclosure of the Cohens' desire to pursue gardening by application of the ordinance is a "hardship" personal to the owner of the property, not a hardship to the property itself. There is simply an absence of evidence in the record to support the Board's conclusion that the requisite type of unnecessary hardship, as set forth in *Levin, supra,* exists to warrant the grant of a variance.[5]

Next, the appellant testified before the Board that erection of the greenhouse would substantially cut off the flow of air into his home and that the drainage of water off of the roof of the structure would create drainage problems on his property as well as accumulations of debris from the roof. The applicants pre-

---

[4] As even the Board notes in its brief, the subject property is located in a historical section of Philadelphia where most of the residences, built over 100 years ago, were constructed on small, narrow lots. Thus, the problem of finding space to accommodate all of the furnishings and conveniences of modern living would actually seem to be a common one throughout the district.

[5] Even if the kitchen space problem constituted the requisite hardship, we note the Cohens' failure to present any evidence that this problem was not self-inflicted nor in existence at the time they purchased the property.

sented *no* evidence that the proposed structure would not adversely affect the supply of air and light to appellant's property nor do any substantial or permanent injury to appellant's use of his property as a residence. Yet, Section 14-1802(2) of the Philadelphia Code expressly places the burden of providing such evidence upon the applicant for a variance. Again, the Board's grant of the variance flies in the face of an absence of evidence to support it. We must conclude that the Board abused its discretion and erred at law in granting the variance without having before it any evidence which would meet the legal requirements for a variance. *Hager v. Zoning Hearing Board,* 23 Pa. Commonwealth Ct. 361, 352 A.2d 240 (1976).

Although the above is sufficient for the resolution of this case, there is one more issue which merits our attention. Both the lower court opinion and the Board's brief to this Court rely on the case of *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A. 2d 426 (1970), to support the Board's grant of a variance in this case. It is asserted that *Pyzdrowski* relaxes the burden on the applicant for a variance when only a minor deviation from the zoning ordinance is requested: the so-called "de minimis rule." We do not believe that the rationale of *Pyzdrowski* is applicable to the situation presented by this case. In *Gottlieb v. Zoning Hearing Board,* 22 Pa. Commonwealth Ct. 365, 349 A.2d 61 (1975), Judge BLATT conducted an excellent analysis of *Pyzdrowski* and similar cases[6] which serves to distinguish the present case. Her opinion for the Court stated:

In each of those cases, however, variances were held to have been appropriately granted in or-

---

[6] *Moyerman v. Glanzberg,* 391 Pa. 387, 138 A.2d 681 (1958); *Crawford Zoning Case,* 358 Pa. 636, 57 A.2d 862 (1948).

der to relieve landowners from setback requirements applicable to residential buildings, even though the landowners themselves had contributed to some extent to the fact that they were in violation. Our review of those cases, however, indicates that the court in each instance was concerned largely with the practical difficulty that enforcing the ordinance would require moving an entire building. Moreover, the court also seemed to emphasize that, under the particular facts of those cases, the policy in favor of setbacks would not really be affected if the variances were granted. In Crawford and Pyzdrowski, the deviations from the ordinance requirements were minimal, so that there would still be sufficient open space between the structure concerned and the neighboring land to satisfy the appropriate policy considerations of the ordinance. Although in Moyerman the building even encroached upon the entire setback, the court pointed out that an easement along the property line required that a 25-foot wide space remain open and clear so that the policy favoring the setback requirement would thereby apparently still be satisfied.

22 Pa. Commonwealth Ct. at 370, 349 A.2d at 63.

In the present case, the Cohens did not request a variance for an existing structure, so considerations of economic waste and the practical difficulty of altering an existing structure to achieve compliance with the zoning requirements are not applicable. Moreover, the policy in favor of setbacks and open area requirements would be affected, indeed completely defeated, by the grant of this variance. Erection of the greenhouse would transform a presently conforming property into one without any back yard

or open lot area.[7] We simply cannot agree that such a deviation is de minimis. In sum, the reliance by the Board and the lower court on *Pyzdrowski* is misplaced.

For the reasons set forth in the foregoing opinion, we reverse the decision of the court below.

ORDER

AND Now, this 4th day of August, 1977, the decision and order of the Court of Common Pleas of the County of Philadelphia, dated June 1, 1976, in the above-captioned matter is hereby reversed.

---

[7] As the Board noted in its finding of fact number six, erection of the greenhouse would leave a strip of open area only 42 inches wide between the greenhouse and appellant's home. We also note that this strip would be entirely located on appellant's side of the property line.