Appeal of Paul C. Oswald et ux.
Paul C. Oswald and Kathie J. Oswald, his wife, Appellants.

Argued November 18, 1981, before President Judge CRUMLISH, JR. and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

*Marshall E. Anders,* for appellants.

*Andrew Boyar,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, January 6, 1982:

Paul and Kathie Oswald appeal from a Pike County Common Pleas Court decision. It affirmed the Shohola Township Zoning Hearing Board's denial of a dimensional variance and/or special exception. We affirm the court below.[1]

---

[1] The Township's motion to dismiss based on the fact that the Oswalds' brief was over 20 days late is denied. However, we note that we do not look favorably on those who ignore the rules of this Court.

Our scope of review, where the lower court has taken no additional evidence, is limited to determining whether the Zoning Board abused its discretion or committed an error of law. *Ottaviano v. Zoning Board of Adjustment of Philadelphia,* 31 Pa. Commonwealth Ct. 366, 376 A.2d 286 (1977).

The Oswalds sought a dimensional variance and/or special exception to allow them to move and increase the size of a shed on their property in order to stable their horse. Although our equine preferences lead us to shelter this helpless animal, the law is clear: "Variances should be granted sparingly and only under exceptional circumstances." *Id.* at 368, 376 A.2d at 288. An applicant for a variance must show: (1) unnecessary hardship unique or peculiar to his property and (2) that the variance is not contrary to the public safety, morals or general welfare. In addition, no variance will be granted where the applicant knew or should have known of the regulations when the property was purchased. *Id.*

The Shohola Township ordinance requires 200 feet setback for a stable. Since Oswalds' parcel is only 175 feet deep, they sought a dimensional variance to permit the shed to be relocated within 70 feet of their front property line. The Board did not err when it denied the variance since the ordinance was in effect at the time the Oswalds purchased their property and the hardship is not unique to their property.

The Oswalds also challenge the ordinance as unconstitutional arguing that it is unreasonable and confiscatory. We hold that the Oswalds have failed to meet the heavy burden required to overcome the presumption of constitutionality. *Sheetz Kwik Shoppers, Inc. v. Zoning Hearing Board,* 54 Pa. Commonwealth Ct. 601, 423 A.2d 11 (1980). Section 604 of the Pennsylvania Municipalities Planning Code, Act of

July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10604, provides that an ordinance may operate "[t]o promote, protect and facilitate . . . coordinated and practical community development. . . ." The Board held that the ordinance effectuated this purpose. We agree and find it to be a reasonable exercise of the police power.

The Oswalds' contention that they are entitled to a special exception is clearly without merit. The only special exception use permitted under the ordinance is for "home occupations." Although our sympathies and realistic appraisal lie with the Oswalds and their charge, a horse house is not a home and we are constrained to recognize the clear intention of the ordinance.[2]

Affirmed.

ORDER

The order of the Pike County Common Pleas Court, No. 6 March Term, 1979 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

---

[2] We also note that under the "R-1, Residential-Low-Density District" Section of the ordinance, the Oswalds failed to ever apply for a conditional use, §604(5) of the Ordinance. This may well have been the more appropriate means to have pursued.