535 A.2d 278

City of Pittsburgh, Appellant *v.* Zoning Board of Adjustment of the City of Pittsburgh, Dom Zullo and Irene Dale, Appellees.

Argued October 8, 1987, before Judges BARRY and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Kellen McClendon,* Assistant City Solicitor, with her, *D. R. Pellegrini,* City Solicitor, for appellant.

*William R. Grove, Hollinshead and Mendelson,* for appellees, Zullo and Dale.

OPINION BY JUDGE COLINS, December 30, 1987:

City of Pittsburgh (appellant) appeals the decision of the Court of Common Pleas of Allegheny County which affirmed the decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board) granting Dom Zullo and Irene Dale (appellees) variances to use a four-story building at 5838-5838½ Alderson Street, Pittsburgh, Pennsylvania, in an R-4 multiple family residential district, as a fifteen-unit multiple family dwelling with an outdoor parking stall in front of the building and six remote outdoor parking stalls located on other property owned by appellees.

The facts of the case are as follows:

Appellees had applied to the Pittsburgh Office of Zoning Administrator for occupancy permits on two prior occasions for the property which is the subject of

the instant case.[1] On both occasions, appellees' applications were denied.

Before the four-story building located at 5838-5838½ was converted into its current state of a fifteen-unit dwelling, the structure contained seven units. This conversion was effectuated before a permit allowing such conversion was granted to appellees.

Following their illegal construction activities, appellees were advised that they would have to meet the requirements of the Pittsburgh Code of Ordinances (Code) before an occupancy permit could be issued. Included among the deficiencies was the lack of necessary on-site parking.

Appellees subsequently submitted an application which proposed seven (7) parking stalls on a property in which one of the appellees held an equitable interest at 5831 Morrowfield Avenue, a non-contiguous site. The Board advised that the access to the remote parking was too circuitous and too long a distance from the subject property.

In August, 1984, the City Director of Public Works of Pittsburgh, in Resolution No. 782 of 1984, granted appellees the privilege and license to construct a stairway and sidewalk over a portion of the right-of-way of Sunapee Way in order to provide direct access to the remote parking stalls. The Board, in its October 4, 1984, decision stated, "said Resolution provides the necessary access from the subject property to the remote parking at 5831 Morrowfield Avenue."

---

[1] The two previous cases were: (1) Board Zone Case 244 of 1982, the appeal from which became S. A. 612 of 1982 at the common pleas level and No. 27 C. D. 1982 before the Commonwealth Court. (Appellees withdrew the Commonwealth Court appeal); and (2) Board Zone Case 645 of 1983, the appeal from which became S. A. 903 of 1984, before the court of common pleas.

We note that the Pennsylvania Municipalities Planning Code, Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §§10101-11202, does not apply to the City of Pittsburgh because the definition of municipality does not include cities of the second class. 53 P.S. §10107(13). *Rushford v. Zoning Board of Adjustment of Pittsburgh,* 81 Pa. Commonwealth Ct. 274, 473 A.2d 719 (1984).

Our scope of review of an agency decision where a complete record was made before the agency, and the trial court took no additional evidence, is limited to a determination of whether any necessary findings of fact made by the agency are supported by substantial evidence, and whether the agency committed any error of law or violated any constitutional rights. *Commonwealth of Pennsylvania, Bureau of Correction v. City of Pittsburgh,* 91 Pa. Commonwealth Ct. 293, 496 A.2d 1361 (1985). The record before us does not indicate that any additional evidence was taken by the Court of Common Pleas of Allegheny County.

Appellants argue that appellees are not entitled to the variances granted to them by the Board inasmuch as appellees did not prove that application of the City of Pittsburgh's zoning ordinance would result in a unique burden upon their property.

Appellees counter that the Board incorrectly chose the word "variance" to describe the relief granted in its October, 1984, decision. The relief sought, appellees maintain, was that of a special exception.

> An application for a variance . . . seeks permission to do something which is prohibited by the zoning ordinance. A variance is an overriding of the legislative judgment, justified by the existence of 'unnecessary hardship.' In contrast, an application for a special exception does not seek to 'vary' the ordinance. The permission he seeks

is one envisioned by the ordinance. Accordingly, while an applicant for a variance must show both (a) unnecessary hardship and (b) the fact that a variance would be consistent with the public interest, a special exception case generally involves only the second issue.

R. Ryan, Pennsylvania Zoning Law and Practice §5.1.1 (1984).

In the instant case, appellee is seeking to forego the parking, lot area, front yard, and side yard requirements established in the Code. Because the subject property is located in an R-4 zoning district, the following requirements must be met: (1) A lot area of 15,000 square feet is required. *Id.;* (1,000 square feet of lot area for each of the fifteen (15) one-bedroom units); section 937.04 of the Code; (2) a front yard of twenty-five (25) feet in depth is required. *Id.;* (3) a side yard of twenty-five (25) feet in depth is required; and (4) for the fifteen (15) units, fifteen (15) parking stalls are required. Section 989.01 of the Code.

Appellees do not meet these requirements. Their lot area is 4,341 square feet. Their front yard is three (3) feet deep. They have no side yard. They have (7) parking stalls. We find, therefore, that appellees are seeking a variance from the above-mentioned zoning requirements, not a special exception, since the use is already a permitted one.

This Court held in *Malakoff v. Board of Adjustment of the City of Pittsburgh,* 72 Pa. Commonwealth Ct. 109, 113, 456 A.2d 1110, 1113 (1983), that "a variance may be granted when strict application of the zoning ordinance would result in a unique burden which creates an unnecessary hardship peculiar to the subject property; provided that the grant of the variance does not adversely affect public health, safety, or welfare." Further, variances should be granted "sparingly and only under

exceptional circumstances." *Ottaviano v. Zoning Board of Adjustment of Philadelphia,* 31 Pa. Commonwealth Ct. 366, 368, 376 A.2d 286, 288 (1977).

A traditional requirement for a variance exists, which is that the unnecessary hardship peculiar to the property must not have been created by the applicants. *Gottlieb v. Zoning Hearing Board of Lower Moreland Township,* 22 Pa. Commonwealth Ct. 365, 349 A.2d 61 (1975).

In the instant case, appellees presented no evidence to prove unnecessary hardship peculiar to their property. Any existing hardship is a direct result of appellees' actions as they converted the seven (7) unit dwelling into a fifteen (15) unit dwelling before the conversion was approved.

The Board's grant of the variance was made despite the absence of substantial evidence to support it. In fact, the Board did not make any factual findings regarding the alleged "hardship." Our review of the record reveals a total absence of any testimony as to the alleged hardship concerning the prior use of the building as a seven-unit apartment. We must conclude that the Board abused its discretion and erred at law in granting the variance without having before it any evidence which would meet the legal requirements for a variance. *Ottaviano.* As such, we need not discuss the other issues appellant raised, those being the application of *res judicata* to the instant appeal, and bad faith on the part of appellees.

Accordingly, we reverse the decision of the Court of Common Pleas of Allegheny County and deny appellees' application for a variance.

## ORDER

AND NOW, this 30th day of December, 1987, the decision of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.