545 A.2d 470

Stanley A. McClintock and Avis E. McClintock, Appellants *v.* The Zoning Hearing Board of Fairview Borough, Appellee.

Submitted on briefs March 25, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Eugene J. Brew, Jr., McClure, Miller & White,* for appellants.

*David M. Keck,* for appellee.

OPINION BY JUDGE SMITH, August 9, 1988:

Stanley and Avis McClintock (Appellants), husband and wife, appeal from the order of the Court of Common Pleas of Erie County which affirmed Appellee Fairview Borough Zoning Hearing Board's (Board) decision to grant a variance to their neighbor, David B. Wiley (Wiley). Questions presented for review are whether the Board's finding of hardship upon which it granted the instant variance was supported by substantial evidence and, whether the trial court, without taking additional evidence, erred in affirming the Board. The trial court's decision is reversed.

Wiley initially sought a building permit to attach a two-car garage to the side of his house adjacent to Appellants' property.[1] This permit was denied by the borough zoning officer since it contravened the municipality's zoning ordinance regarding side yard setback requirements. Wiley then appealed to the Board for a side yard variance.[2] Notice of appeal was duly advertised

---

[1] The subject property is zoned Suburban-Residential.

[2] Variances are one way in which a property owner can secure relief from zoning restrictions as applied to his/her particular property. *See Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975). Such relief acknowledges that use of the subject land violates the zoning ordinance, but recognizes that some special, unique hardship is imposed upon that particular property by operation of the zoning restrictions. *Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974). A variance thus permits only the use specifically authorized. *Kensington South Neighborhood Advisory Council v. Zoning Board of Adjustment of Philadelphia,* 80 Pa. Commonwealth Ct. 546, 471 A.2d 1317 (1984).

and public hearing held before the Board on August 6, 1986. Evidence at hearing included testimony by Wiley and Appellants as well as an on-site inspection by the Board which tentatively granted a side yard variance on August 6, 1986. Appellants appealed to the trial court which affirmed the Board without taking additional evidence. Appeal followed to this Court.

Where no additional evidence is taken by the trial court, as here, this Court's scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law in granting the instant variance. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983); *Municipality of Monroeville v. Zoning Hearing Board of Monroeville*, 92 Pa. Commonwealth Ct. 55, 498 A.2d 481 (1985). An abuse of discretion can be found only if the Board's findings of fact are not supported by substantial evidence, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association*. Appellants challenge as an abuse of discretion and error of law the Board's finding of hardship which they contend is not supported by substantial evidence since a request for a side yard variance to construct a two-car rather than a one-car garage does not constitute sufficient hardship.

Section 912 of the Pennsylvania Municipalities Planning Code (MPC)[3] delineates criteria to determine whether a variance should be granted and provides in pertinent part that the property must possess unique physical circumstances; that those circumstances, in combination with the regulations, must cause unneces-

Moreover, variances should be sparingly granted for substantial, serious and compelling reasons. *Appeal of Oswald*, 63 Pa. Commonwealth Ct. 638, 438 A.2d 1029 (1982).

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

sary hardship which constitutes an unreasonable inhibition of the property's usefulness; that the hardship must not be self-inflicted; that the granting of a variance must not have an adverse impact on the general public's health, safety and welfare; and that the variance sought must be the minimum variance to afford relief. *Jenkintown Towing Service v. Zoning Hearing Board*, 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982).

The Board first found that Wiley's building permit was denied by the zoning borough officer since it violated Section 603(D)(4)(a) of the zoning ordinance which requires a minimum side yard of four feet from the interior lot line for side yard accessory uses and Section 601(D)(1) which requires side yards to total 16 feet with a minimum of six feet on one side; and that Wiley wanted to construct a 20 foot by 24 foot two-car garage which would fall within two feet of the property line adjacent to Appellants' property in contravention of side yard requirements. The Board also found that Wiley's substandard lot prevented compliance with the ordinance; that backyard construction of the proposed garage would effectively eliminate most of Wiley's backyard; and that the substandard lot antedated the ordinance. Findings of Fact Nos. 3, 4, 5.

Accordingly, the Board concluded that the subject lot presented unique physical circumstances which precluded lot development in conformity with the ordinance; that the variance was necessary to establish reasonable use of the property; that Wiley did not create the unnecessary hardship; and that the variance would neither alter the essential character of the neighborhood nor substantially or permanently impair the appropriate use or development of adjacent property nor be detrimental to the public welfare as approximately 20 feet separate Appellants' shrubs from the edge of the proposed garage. Based upon all of the evidence, the Board

then concluded that the variance represented the minimum variance to afford relief. Final approval was conditioned upon performance of a property survey and construction of the proposed garage not closer than two feet from the interior property line.

This Court finds that the Board committed an abuse of discretion and error of law, and therefore cannot agree with the trial court's decision. The question in a variance case is whether the property may be used in a reasonable manner within the restrictive provisions of the zoning ordinance. *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). Wiley presented no evidence that the property could not be used within the existing space requirements or that his property would be rendered practically valueless without the variance. *Bogush v. Zoning Hearing Board of the Borough of Coplay,* 63 Pa. Commonwealth Ct. 280, 437 A.2d 1086 (1981). Wiley's lot is presently developed and used for a single-family home. Moreover, Wiley could construct a one-car garage in strict conformity with the ordinance's side yard provisions. *See Township of Coal v. Willis,* 62 Pa. Commonwealth Ct. 358, 436 A.2d 1075 (1981).

Accordingly, the trial court's decision is reversed since Wiley failed to establish unnecessary hardship as required by Section 912 of the MPC.[4]

---

[4] The Board's contention that the "de minimis" doctrine governs the instant case is meritless. Cases like *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970) and its progeny which applied this doctrine are factually distinguishable. The instant variance would involve a four-foot projection into a six-foot buffer zone while the deviation in *Pyzdrowski* was an insignificant seven-tenths of a foot with the offending structure having antedated the ordinance unlike the proposed two-car garage here. *See Heilman v. Zoning Board of Adjustment of Philadelphia County,* 69 Pa. Commonwealth Ct. 157, 450 A.2d 318 (1982) (Variance of five feet from eight-foot setback requirement is not a "de minimis"

· ORDER

AND NOW, this 9th day of August, 1988, the decision of the Court of Common Pleas of Erie County dated December 16, 1986 is reversed.

---

variation absolving applicant from establishing "traditional" criteria for granting a variance). *Pyzdrowski's* rationale is generally used in cases concerned with practical difficulties such as an entire building's relocation if the given ordinance is strictly enforced. *Ottaviano v. Zoning Board of Adjustment of Philadelphia*, 31 Pa. Commonwealth Ct. 366, 376 A.2d 286 (1977) citing *Gottlieb v. Zoning Hearing Board*, 22 Pa. Commonwealth Ct. 365, 349 A.2d 61 (1975). Since this doctrine represents a narrowly carved exception to the traditional law of variances and is not here applicable, Wiley was required to establish unnecessary hardship. *See West Bradford Township v. Evans*, 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978).