# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kenneth B. McEwen, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 941 C.D. 2015 |
| | : | Argued: November 17, 2015 |
| The Zoning Hearing Board of | : | |
| Sadsbury Township and Robert | : | |
| A. Santora | : | |

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: January 5, 2016**

Kenneth B. McEwen (Objector) appeals from an order of the Court of Common Pleas of Crawford County (trial court) that affirmed a unanimous decision of the Sadsbury Township Zoning Hearing Board (ZHB) that granted Robert A. Santora's (Owner) application for a dimensional variance to construct an attached garage on his nonconforming residential lot. The trial court, like the ZHB, determined the variance had no negative impact on the neighborhood, guaranteed permanent access to neighboring properties, did not encroach on Objector's property and complied with the zoning constraint of securing sufficient open space between structures in the lakefront neighborhood. Objector contends that the ZHB erred in determining the requested variance was *de minimis* and that the absence of an attached garage on a long-used home is a hardship entitling a landowner to a variance. For the reasons that follow, we reverse.

## I. Background

### A. Generally

In 1990, Owner and his wife purchased a nonconforming house on a lot fronting on Conneaut Lake in Sadsbury Township (Township), Crawford County. The property is located in the Township's R-1 Lake Area Residential District (R-1). Objector and his wife own the house and lot immediately adjacent and to the north. A similar residential property abuts Owner's property to the south. Both properties front on the lake to the east. To the west, the properties' rear yards face a gravel drive on vacant property owned by a property association, the Conneaut Lake Park, Inc. (Association). The residents use the gravel drive for access.

Owner originally used the home as a summer residence. The original structure, a summer house, had six or seven bedrooms, but no garage. Owner typically stayed there from Memorial Day to Labor Day.

### B. Initial Permit Requests for House and Garage

In 2012, Owner applied to the Township for two construction permits. One application sought to build a new house located on the original structure's nonconforming footprint. Owner built the new house as a permanent residence.

Owner's second application requested approval to build an attached garage located partially on Owner's lot and *partially on the Association's vacant property*. Previously, in 2010, Owner obtained a rectangular easement, approximately 40' long by 35.08' wide, over the Association's vacant property

2

immediately to the west of his lot. Owner paid $2,000 for the easement. In the easement agreement, the Association gave Owner an additional 20 feet to satisfy the rear yard setback requirement which, under the prior ordinance, was 20 feet. Section 203B of the Township's current Zoning Ordinance (Zoning Ordinance), effective January 1, 2014, requires a 25-foot rear yard setback for the R-1 District. In short, the easement agreement granted Owner a perpetual and exclusive easement over the Association's property for the garage, and a non-exclusive easement over the 20-foot wide area west of the garage, as an access route for the residents of that *ad hoc* cul-de-sac.

### C. Building Permits Approved

After receiving Owner's application for a zoning permit, the Township's solicitor and zoning officer studied the easement agreement and determined that it satisfied the prior zoning ordinance's rear yard setback. In September 2012, the Township approved the permit. Objector and another neighbor appealed. Owner intervened.

### D. 2014 Trial Court Decision

Following a hearing, the ZHB upheld the permit. However, in February 2014, a common pleas court reversed the ZHB and revoked the permit. See McEwen v. Zoning Hearing Bd. of Sadsbury Twp. (CP Crawford, Civil Div. No. A.D. 2013-505, filed February 7, 2014); Reproduced Record (R.R.) at 245a-57a. President Judge Anthony J. Vardaro determined the garage permit would extend the nonconformity of the original structure over the rear yard and side yard setbacks, and the rear property line. However, the trial court noted, the 20-foot

3

exclusive easement cannot provide relief from the setback requirements, which must be measured from the end of the property lot line. See Loch v. Zoning Hearing Bd. of Borough of Emmaus, 569 A.2d 1035 (Pa. Cmwlth. 1990) (easement should not be considered in calculating lot area requirements). Notably, the trial court determined the easement did not change the existing lot lines and thus did not constitute a subdivision. See Tr. Ct., Slip Op., 2/7/14, at 6-7; R.R. at 250a-51a. To that end, the trial court explained, if a private easement could satisfy the setback requirements of a zoning ordinance, any landowner could usurp the power of the ZHB to grant relief from a setback requirement by obtaining an easement. Tr. Ct., Slip Op., 2/7/14, at 8; R.R. at 252a.

The trial court further determined Owner had no vested right in the building permit and no right to a variance by estoppel. See Tr. Ct., Slip Op., 2/7/14, at 10-11; R.R. at 254a-55a. First and foremost, Objector timely appealed the issuance of the permit for the garage. As such, Owner had no vested right in the permit. In re Appeal of Broad Mountain Dev. Co., LLC., 17 A.3d 434 (Pa. Cmwlth. 2011). In addition, because the Township only recently issued the permit and Owner did not yet build the garage, Owner could not establish that the Township failed to enforce the ordinance over a long period of time. See, e.g., Skarvelis v. Zoning Hearing Bd. of Borough of Dormont, 679 A.2d 278 (Pa. Cmwlth. 1996) (for a variance by estoppel, an owner must establish each element of a four factor test by clear and concise evidence; the first factor is a long period of municipal failure to enforce the law when the municipality knew or should have known of the violation). Other factors include: owner's good faith and innocent reliance on the validity of the use; whether landowner made substantial

4

expenditures in reliance on his belief the use was permitted; and, whether the denial of the variance would impose an unnecessary hardship, such as the cost to demolish an existing building. Id.

Ultimately, the court reversed the ZHB and revoked the building permit for the garage, without prejudice to Owner to seek a variance for the garage. See Tr. Ct. Order, 2/7/14, at 10-11; Reproduced Record (R.R.) at 257a.

### E. Variance Request; ZHB's Decision

Thereafter, Owner applied for a dimensional variance from the setback requirements to build a garage attached to his residence. Objector opposed the variance request. At a hearing before the ZHB, Owner testified that the new house, with a garage would be worth between $700,000 and $800,000. Notes of Testimony (N.T.), 7/9/14, at 31; R.R. at 37a. Without the garage, it would be worth $150,000-$200,000 less. N.T. at 32; R.R. at 38a. Owner asserted the incomplete property, and its loss in value, constituted a hardship warranting a variance for the garage. N.T. at 44; R.R. at 50a. Owner further testified his wife is totally disabled and cannot walk on ice or snow. N.T. at 33; R.R. at 39a. Therefore, an attached garage is a necessity and Owner would not have built the house without it. Id.

Following the hearing the ZHB issued a decision granting Owner's request for a variance. The ZHB noted that both Objector and Owner attempted to purchase land from the Association to construct a garage. ZHB Op., 10/10/14, Finding of Fact (F.F.) No. 11. However, the Association could not sell land

5

dedicated to public use. The ZHB noted Owner's easement over the Association's property does not cross Objector's property. F.F. No. 20. Rather, the Association is the only party burdened by the easement. F.F. No. 21.

At the hearing, Objector testified he opposed the attached garage because it would impede his access to the gravel driveway and create safety issues. F.F. No. 24. However, the ZHB observed, Objector would have guaranteed full and permanent access to his property over Owner's non-exclusive easement. F.F. No. 25.

Turning to the requirements for a traditional variance under Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC),[1] the ZHB found

---

[1] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, as amended, 53 P.S. §10910.2. A party seeking a traditional variance must prove that unnecessary hardship will result if the variance is denied and that the proposed variance is not contrary to the public interest. Goldstein v. Zoning Hearing Bd. of Twp. of Lower Merion, 19 A.3d 565 (Pa. Cmwlth. 2011). Pursuant to Section 910.2 of the MPC, in determining whether to grant or deny a variance, the ZHB must consider each the following five factors: (1) whether there are unique physical circumstances or conditions peculiar to that particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the zoning ordinance in the district where the property is located; (2) that because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that a variance is necessary to enable the reasonable use of the property; (3) that the unnecessary hardship was not self-created by the applicant; (4) that the variance, if granted, will not alter the essential character of the neighborhood or district where the property is located, nor substantially or permanently impair the use or development of adjacent property, nor be detrimental to the public welfare; and, (5) that the variance, if authorized, will represent the minimum variance needed to afford relief and will represent the least modification possible of the regulation at issue. Id. The MPC's five-factor test for a variance is included in 601(H)(9) of the Township's Zoning Ordinance. See Reproduced Record (R.R.) at 322a.

that Owner established that the hardship he faced was not self-inflicted. F.F. No. 28. Rather, the ZHB observed, Owner's hardship resulted from his innocent reliance on mistaken advice and opinions he received from others in positions of authority. Id. To that end, the ZHB found Owner credibly testified he relied in good faith on the opinions of the Township's solicitor and zoning officer, and others familiar with the Zoning Ordinance. F.F. No. 27.

In granting Owner a dimensional variance from the rear and side yard setback requirements, the ZHB noted it is well established that a request for a dimensional variance is scrutinized under a relaxed standard of unnecessary hardship. Hertzberg v. Zoning Bd. of Adjustment, 721 A.2d 43 (Pa. 1998); ZHB Conclusion of Law (C.L.) No. 37. The reason for treating a dimensional variance more leniently than a use variance is that the applicant is asking for nothing more than a reasonable adjustment of the zoning regulations for the purpose of utilizing the property in manner consistent with the zoning regulation. Hertzberg; C.L. No. 38. In Hertzberg, the Supreme Court held that in determining whether to grant a dimensional variance, the tribunal:

> may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood.

Hertzberg, 721 A.2d at 50; ZHB's C.L. No. 40.

In the present case, the ZHB found the encroachment of Owner's garage to be *de minimis* in light of the existing nonconforming house, the open

7

space created by the non-exclusive easement to the rear, and the new eight-foot setback requirement for side yards of lots predating the Zoning Ordinance. C.L. No. 41. A *de minimis* variance may be granted where the variation from the strict requirements is minor and rigid compliance is not necessary to protect the public policy concerns of the zoning ordinance. Lench v. Zoning Bd. of Adjustment, 13 A.3d 576 (Pa. Cmwlth. 2011); C.L. Nos. 42-44. There are no set criteria for determining what constitutes a *de minimis* variance; the determination depends on the circumstances of each case. Lench; C.L. No. 46.

Here, the ZHB determined the rear yard setback created by the perpetual easement had no negative impact on the neighborhood and guaranteed permanent access to all neighbors, including Objector. C.L. No 48. Therefore, the ZHB found the variance consistent with the intents and purposes of the open space requirements of the Zoning Ordinance. Id.

The ZHB further determined the evidence established Owner complied with the Zoning Ordinance's eight-foot side yard setback requirement on the side that borders Objector's property because the proposed garage would be 8.3 feet from Objector's property. C.L. No. 49. The ZHB further found a *de minimis* deviation on the other side of the garage, where the garage was only 3.65 feet from the other neighbor's property line. Id. Therefore, the ZHB reasoned the variance would not have any negative impact on either Objector's property, or the surrounding neighborhood, which is predominantly an area of small lots where the expansion of existing structures is difficult. Id. As such, the ZHB determined the requested variance would not alter the essential character of the neighborhood or

8

affect the utilization of Objector's or any other nearby lakeside properties. C.L. No. 51.

Consequently, the ZHB granted Owner's requested variance to complete construction of an attached garage subject to the following four requirements: (1) Owners, their guests and assigns, cannot block, impede or obstruct the rights of neighboring landowners, including Objector, to traverse over and through the 20-foot non-exclusive easement; (2) Owners may only park a vehicle in the non-exclusive easement for up to five minutes at any one time for the express purpose of loading or unloading that vehicle; (3) at all other times, Owners and their guests shall not park within the 20-foot non-exclusive easement; however, Owners and their guests may park in the grassy area west of the easement; and, (4) Owners shall post the 20-foot non-exclusive easement with signs stating "Fire Lane – No Parking." ZHB Op. at 10. Objector appealed the ZHB's grant of the variance.

## F. Trial Court's Decision

In denying Objector's appeal, the trial court, citing Hertzberg, reasoned that the quantum of proof needed to establish an unnecessary hardship for a *dimensional* variance is substantially lesser than that needed for a *use* variance. Further, relying on Lench, the trial court noted that the ZHB need not make findings on each of the traditional five factors for a variance in Section 910.2 of the MPC where the requested variance was *de minimis*. See Nettleton v. Zoning Bd. of Adjustment, 828 A.2d 1033 (Pa. 2003) (where *de minimis* doctrine applies, there is no need to resort to any other theory of relief). In justifying the grant of the

variance, the trial court noted a *de minimis* variance may be granted where the variation from the zoning ordinance is minor and rigid compliance with the ordinance in not necessary to protect the public policy concerns underlying the ordinance. Lench. Tr. Ct., Slip Op., 5/5/15, at 8. The trial court found that such is the case here, and the ZHB's findings and conclusions to that effect were supported by substantial evidence. Id.

Nonetheless, Objector argued the variance deals with multiple setback requirements involving Owner's lot and a purported *easement lot*.[2] Conversely, Owner argued that only one of his side yards, and his rear yard, failed to meet the setback requirements. To that end, Owner argued setbacks need not be strictly enforced where there is enough open space between structures to satisfy the policy goals of the zoning ordinance. Gottlieb v. Zoning Hearing Bd. of Lower Moreland Twp., 349 A.2d 61 (Pa. Cmwlth. 1975). Owner further argued a variance may be appropriate even where a structure encroaches on an entire setback, so long as the easement abutting the property line provides enough open space to meet the ordinance's policy goals. Moyerman v. Zoning Hearing Bd. of Cheltenham Twp., 138 A.2d 681 (Pa. 1958).

Ultimately, the trial court noted, Owner obtained exclusive rights over a portion of the easement, regardless of whether the variance is upheld, which

---

[2] As discussed above, the trial court, in its February 2014 decision, determined the Association's grant of an easement did not create a new lot under the Township's Subdivision and Land Development Ordinance (SALDO). See Tr. Ct., Slip. Op., 2/7/14, at 4-6; R.R. at 248a-50a. To that end, the trial court noted nothing in the easement contract mentioned a change in existing lot lines, land development or the transfer of a fee. Tr. Ct., Slip. Op., at 5; R.R. at 249a. As such, Objector's argument, that the "easement lot" has its own setback requirements, fails.

10

Owner may exclude others from using. Tr. Ct., Slip. Op., 5/5/15, at 9. Further, the conditions attached to the variance afford Objector and other neighbors rights of ingress and egress over the non-exclusive easement that were not of record prior to the grant of the variance. Id. Having determined the requested variance was *de minimis* and that rigid compliance was not necessary to protect the public policy concerns here, the trial court denied Objector's appeal from the ZHB's grant of the variance. Hertzberg; Lench. Objector appeals.[3]

## II. Discussion
### A. Hardship; *De Minimis* Variance
### 1. Argument

Objector first contends Owner's desire to construct an attached garage is not an unnecessary hardship that justifies a variance. In support of his position, Owner cites McClintock v. Zoning Hearing Bd. of Fairview Borough, 545 A.2d 470 (Pa. Cmwlth. 1988), where the facts are somewhat similar to those here. In McClintock, the ZHB granted the owner a variance to attach a two-car garage to the side of his house adjacent to the objector's property. The borough zoning officer initially denied the building permit because it violated the zoning ordinance's aggregate side yard setback of 16 feet, with a minimum of six feet on either side. The proposed garage would fall within two feet of the adjacent

---

[3] Where the trial court takes no additional evidence, the applicable standard of appellate review is whether the ZHB committed an error of law or an abuse of discretion. Hertzberg v. Zoning Bd. of Adjustment, 721 A.2d 43 (Pa. 1998). An abuse of discretion will only be found where the ZHB's findings are not supported by substantial evidence. Id. "Substantial evidence" is defined as such relevant evidence as a reasonable mind may accept as adequate to support a conclusion. Id. at 46 (citation omitted).

11

property. The ZHB noted that the owner's substandard lot predated the ordinance, and that the proposed garage would eliminate most of the owner's backyard. Ultimately, the ZHB concluded the subject lot presented unique physical circumstances that precluded development in accordance with the ordinance and that a variance was necessary to establish reasonable use of the property. The ZHB also found that the owner did not create the hardship, and that the variance would not alter the essential character of the neighborhood or substantially impair the appropriate use or development of the adjacent property. The ZHB also found the variance represented the minimum variance necessary to afford relief. On appeal, the trial court affirmed.

In reversing, this Court observed that the owner presented no evidence that the property could not be used within the existing space requirements or that his property would be rendered valueless without the variance. We noted the owner's lot was presently developed and used for a single-family home and that the owner could construct a one-car garage in conformity with the side yard requirements.

In a footnote, we also rejected the ZHB's determination that the deviation was *de minimis*. We reasoned that a four-foot intrusion into a six-foot buffer zone was not *de minimis*. Id.

Objector further asserts there is nothing unique about Owner's lot; it is configured similarly to those around it. Owner presented no evidence of any peculiarity of his property. Although Objector constructed a garage within the

12

footprint of his original house, Owner testified before the ZHB that he had no desire to put a garage within the footprint of the original nonconforming house. R.R. at 56a.

Objector also cites Doris Terry Revocable Living Trust v. Zoning Board of Adjustment, 873 A.2d 57 (Pa. Cmwlth. 2005), a post-Hertzberg case where this Court reversed a zoning board of adjustment's grant of a variance for a motorcycle garage in a historic residential district in the City of Pittsburgh. The variance for the garage reduced the 10-foot side yard setback to 2.5 feet and reduced the 2-foot rear yard setback to zero. The zoning board also conditioned the variance on the prerequisite that the owner obtain a certificate of appropriateness, and that he meet all requirements of the applicable building code. The trial court affirmed the grant of the variance.

In reversing, this Court reasoned that even under Hertzberg, a dimensional variance may not be granted unless it meets the traditional five conditions for a variance. To that end, the Court reasoned:

> The overriding standard of a variance is unnecessary hardship. At the hearing, Intervenors did not define their hardship, economic or otherwise, and they offered no evidence as to why the particular placement of the garage was required to avoid the unspecified hardship.

Doris Terry Trust, 873 A.2d at 63.

In Goldstein v. Zoning Hearing Board of the Township of Lower Merion, 19 A.3d 565 (Pa. Cmwlth. 2011), another post-Hertzberg case, this Court

13

affirmed the ZHB's denial of a dimensional variance from an aggregate side yard setback requirement for a pool house where the owners failed to establish any unique physical conditions on the property, or any resulting unnecessary hardship. In fact, the owners presented no testimony of any unique physical conditions of the property.

In Goldstein, we found no error in the ZHB's determination that the owners' alleged hardship was self-created because they decided to build the pool house in the setback areas prior to obtaining zoning approval. In particular, we noted the owners could have located the pool house eight feet closer to the pool and maintained the aggregate side yard setback.

Objector also cites Society Hill Civic Association v. Philadelphia Zoning Board of Adjustment, 42 A.3d 1178 (Pa. Cmwlth. 2012), where this Court reversed the zoning board's grant of a variance from the requirement of a loading area for buildings greater than 50,000 square feet. In Society Hill, the developer sought to construct a 90,000 square foot residential building without the loading area. However, the property could be used in compliance with the zoning code as it existed, as a single-family residence. We noted the developer's alleged hardship was its desire to expand the use of the property to maximize profitability. In reversing the dimensional variance, we reasoned that the developer's desire to maximize profitability is not a sufficient hardship, even under Hertzberg.

Here, Objector asserts, Owner's hardship is his desire to maximize the development potential of his property. Owner could have designed his home to have a garage on the first floor. However, he did not wish to do so.

Further, Objector contends Owner used his lot for more than 20 years without a garage. Where the property is actually used for a purpose permitted by the ordinance, the owner does not suffer from an unnecessary hardship. Patullo v. Zoning Hearing Bd. of Township of Middletown, 701 A.2d 295 (Pa. Cmwlth. 1997).

As a separate issue, Objector asserts the variance granted was not *de minimis*. The *de minimis* doctrine is a narrow exception applicable only in limited situations where the proposed dimensional deviation from the zoning requirement is minor and rigid compliance is unnecessary to protect the public policy concerns of the ordinance. See, e.g., Swemley v. Zoning Hearing Bd. of Windsor Twp., 698 A.2d 160 (Pa. Cmwlth. 1997) (34% variation from front setback requirement was not *de minimis*). In Swemley, we cited several other cases where smaller deviations were not considered *de minimis*. See Leonard v. Zoning Hearing Bd. of City of Bethlehem, 583 A.2d 11 (Pa. Cwmlth. 1990) (6.25% deviation from open area requirement was not *de minimis* despite the presence of other lots in the neighborhood with similar deviations).

Here, even accepting the 20-foot nonexclusive easement as a rear yard setback, Owner would still have a 5-foot or 20% deviation from the 25-foot rear yard setback under the current Zoning Ordinance. Further, the garage addition

would leave only a 3.65-foot side yard setback on the north side, more than a 50% deviation from the new eight-foot side yard setback requirement in Section 405A(1) of the Zoning Ordinance for lots that predate the zoning classification. See R.R. at 293a.

## B. Analysis

Objector first contends Owner's desire to construct an attached garage in order to complete his home is not an unnecessary hardship that justifies a variance. Objector asserts Owner testified before the ZHB that his hardship was primarily, if not entirely, financial, and the lack of a garage did not deprive him of the reasonable use of the property. See N.T. at 43-44; R.R. at 49a-50a. To that end, Owner's counsel argued before the ZHB (with emphasis added):

> Again, we are not contesting by way of the hardship that he can't use the home in any way. We'll stipulate that he can still fish and have barbeques and he can still have his daughter over and visitors. We will stipulate to that. The hardship here isn't that he can't do any of those things. The hardship is that the property is not complete and it has been diminished in value. Its not worth what it would have been had the garage been completed.
>
> * * * *
>
> We are not saying the hardship that's being alleged isn't that it couldn't have been built a certain way. The hardship that we are alleging is the economic impact of not being able to complete what had been started.

N.T. at 43-44, 51; R.R. at 49a-50a, 57a.

16

As discussed above, Owner testified his property, with the garage, would be worth between $700,000 and $800,000. N.T. at 31; R.R. at 37a. Without the garage, Owner testified his property would be worth between $150,000 to $200,000 less. N.T. at 32; R.R. at 38a.

Additionally, Owner testified that Objector built his garage directly into the structure of his home. N.T. at 49; R.R. at 55a. When asked what conditions of his property prevented Owner from doing the same thing, Owner stated he did not want to do that because he did not want to put a garage on the first floor of his home. Id. In short, Owner did not want to live on top of a garage. Id. To that end, Owner further testified: "I don't need anybody to tell me what I can build and can't build and how to design my own home." N.T. at 50; R.R. at 56a.

Owner also testified his wife is disabled and cannot walk on ice or snow. However, Owner did not explain why she could not access a garage built into their home. Moreover, Owner's wife's disability is not a hardship peculiar to Owner's property.

Given the lack of any testimony of any unique physical conditions peculiar to Owner's property, which sets it apart from neighboring properties, we must conclude the ZHB erred in determining Owner established an unnecessary hardship warranting the grant of a dimensional variance under the relaxed Hertzberg standard. Society Hill Civic Ass'n; Goldstein; Doris Terry Trust. In short, Owner's desire to maximize the value of his property, by itself, does not establish an unnecessary hardship entitling Owner to add a dimensionally

17

noncompliant garage to his property.   Hertzberg; Society Hill Civic Ass'n; Goldstein; Doris Terry Trust.

The ZHB also erred in determining the deviation from the Zoning Ordinance's rear yard and side yard setback requirements was *de minimis*. Swemley; Leonard.  Owner's proposed garage would extend over the entire 25-foot rear yard setback of Owner's lot and 3.65 feet into the 8-foot side yard setback to the north.  As noted by the trial court in its February 2014 decision interpreting the previous ordinance, the Zoning Ordinance requires that the rear setback must be calculated from the lot line that abuts the Association's property and that an easement cannot be considered in calculating lot area requirements.  Loch.  Tr. Ct., Slip Op., 2/7/14 at 6-7; R.R. at 250a-51a.  As the trial court observed in 2014, the deviation from the rear yard setback requirement would be *more than 100%,* because it crosses the rear property line.  The result is the same under the current Zoning Ordinance.  See Zoning Ordinance at 75-76 (definition and interpretation of setbacks); R.R. at 335a-36a.

Finally, Owner's garage would leave only a 3.65 foot side yard setback from the property to the north.  This is more than a 50% deviation from the applicable eight-foot side yard requirement.  Consequently, the *de minimis* doctrine is inapplicable here.  As such, the ZHB's reliance on Lench is misplaced.

## C. Self-Created Hardship

### 1. Argument

Objector also argues the ZHB erred and abused its discretion granting Owner a variance where Owner plainly testified he could have constructed the garage within the footprint of the original nonconforming structure but simply chose not to do so. Objector asserts this is the essence of a self-created hardship. Goldstein.

In an attempt to establish that the hardship was not self-inflicted, Owner argued before the ZHB that he innocently relied on the mistaken advice of Township's solicitor and zoning officer. The ZHB credited this argument. See ZHB Op., F.F. No. 28. However, Judge Vadaro rejected this argument in his 2014 decision, wherein he determined Owner had no right to a permit for the garage under either a vested rights or variance by estoppel theory.

### 2. Analysis

Owner, by acknowledging he could have constructed a home with a garage on the first floor, essentially admitted he created his own hardship. Owner, unlike Objector, constructed a new home on his lot that did not incorporate a garage into its design. Further, Owner did not set aside enough room on the remainder of his undeveloped property for an attached garage. Clearly, such a hardship is self-inflicted. Goldstein; Doris Terry Trust.

Moreover, although Owner claimed an innocent reliance on the representation of the Township's solicitor and zoning officer that the non-exclusive

easement would satisfy the rear yard setback requirements, this does not change the fact that he created his own hardship by building a new home on the nonconforming footprint without incorporating a garage. Goldstein.

In addition, Objector timely appealed the issuance of the permit for the garage and the grant of the variance. Therefore, Owner had no vested right in either the permit or the variance. Broad Mountain Dev. Co.

Finally, Owner had no right to a variance by estoppel. The Township only recently issued the permit, and Owner did not yet build the garage. Thus, Owner could not establish that the Township failed to enforce the ordinance over a long period of time. Skarvelis.

### III. Conclusion

Based on the foregoing, we hold the ZHB erred in granting Owner a dimensional variance from the rear and side yard setbacks of the Zoning Ordinance to complete construction of an attached garage on his property. First, the *de minimis* doctrine is inapplicable here. Swemley; Leonard. The Zoning Ordinance requires that a setback be calculated from the lot line, not the end of the easement. See Zoning Ordinance at 75-76; R.R. at 335a-36a. Owner's proposed garage would extend over the entire 25-foot rear yard setback of Owner's lot and 3.65 feet into one of the 8-foot side yard setbacks. In other words, the deviation from the rear yard setback requirement would be more than 100% because it crosses the rear property line. In addition, the side yard to the north would have a greater than 50% deviation from the setback requirement.

20

Further, Owner cannot meet the traditional five-factor test for a variance set forth in Section 910.2 of the MPC and Section 601(H)(9) of the Zoning Ordinance. As discussed above, Owner failed to present sufficient evidence of unnecessary hardship attributable to any unique circumstances of his property. Rather, Owner merely sought to maximize the value of his property by adding a dimensionally noncompliant garage. Even with regard to a purely dimensional variance, an owner's desire to maximize the value of his property is insufficient to establish an unnecessary hardship warranting the grant of a dimensional variance under the relaxed Hertzberg standard. Society Hill Civic Ass'n; Goldstein; Doris Terry Trust.

Also, Owner, by acknowledging he could have constructed a home with a garage on the first floor, admitted that he created his own hardship. Owner, unlike Objector, constructed a new home on his lot that did not incorporate a garage into its design. However, Owner did not leave enough room on the remainder of his undeveloped property for a garage. Clearly, such a hardship is self-inflicted. Goldstein; Doris Terry Trust.

Further, although the ZHB found that the variance, coupled with the non-exclusive easement had no negative impact on the neighborhood, and guaranteed ingress and egress for Objector and owner's other neighbors, this finding cannot excuse failure to meet the hardship requirement for a variance. Goldstein.

For the reasons stated herein, we reverse the trial court's order denying Objector's appeal and hold that the ZHB erred in granting Owner's requested variance.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth B. McEwen, : 
                   Appellant : 
                   : 
            v. :    No. 941 C.D. 2015
                   : 
The Zoning Hearing Board of : 
Sadsbury Township and Robert : 
A. Santora : 

# **O R D E R**

     **AND NOW**, this 5th day of January, 2016, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Crawford County is **REVERSED**.

<br>

                    _____
                    ROBERT SIMPSON, Judge